**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>         v.<br><br>BOBBY WOLFORD TRUCKING &<br>SALVAGE, INC., and<br>KARL FREDERICK KLOCK PACIFIC<br>BISON, LLC,<br><br>                Defendants. | Civil Action No. 2:18-cv-747<br><br>**COMPLAINT** |

       The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

### NATURE OF THE ACTION

       1.      This is a civil action commenced under Clean Water Act ("CWA" or "the Act") Section 309(b) and (d), 33 U.S.C. § 1319(b) and (d). The United States seeks injunctive relief and civil penalties against Defendants Bobby Wolford Trucking & Salvage, Inc. ("Wolford") and Karl Frederick Klock Pacific Bison, LLC ("KFKPB") for violating CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging dredged or fill material into waters of the United States including approximately 2.9 acres of wetlands and 2,021 linear feet of streams on KFKPB's

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

property located at 25231 Ben Howard Road, Snohomish County, Washington (specifically, Tax Parcel Nos. 27070300300500, 27071000100100, 27071000100300, 27071000200100, and 27071000100200) (the "Site"), without a permit issued under CWA Section 404, 33 U.S.C. §§ 1344.

2. In this action the United States seeks to require Wolford and KFKPB to: (1) restore and provide mitigation for injuries to the affected waters of the United States at their own expense and under the direction of EPA and/or the United States Army Corps of Engineers, and (2) pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the United States District Court for the Western District of Washington under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the subject property is located in this District and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Washington in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff is the United States of America. The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Upon information and belief, Defendant KFKPB is a limited liability company registered in the state of Washington. It was incorporated on January 10, 2010, and is the successor in interest to Karl Frederick Klock Pacific Bison, LP, which was formed on June 9, 1994.

8. Upon information and belief, Defendant Wolford is a corporation registered in the state of Washington. It was incorporated on February 26, 1986.

UNITED STATES' COMPLAINT
Page 2

1

2   9.      Upon information and belief, Defendant KFKPB or its predecessor, Karl

3   Frederick Klock Pacific Bison, LP, was the owner of the Site at the time of the events that

4   constituted violations of the CWA.

5   10.     Upon information and belief, at all times relevant to the Complaint, one or more

6   of the Defendants controlled the Site and/or controlled the activities that occurred on the Site.

7   ### STATUTORY BACKGROUND

8   11.     The CWA's purpose is "to restore and maintain the chemical, physical, and

9   biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

10  12.     CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any

11  pollutant, including dredged or fill material, by any person from any point source to navigable

12  waters unless that discharge is authorized by a permit issued under CWA Section 402 or 404, 33

13  U.S.C. §§ 1342 or 1344.

14  13.     CWA Section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army,

15  acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill

16  material to navigable waters at specified disposal sites, after notice and opportunity for public

17  comment.

18  14.     CWA Section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant"

19  to include "any addition of any pollutant to navigable waters from any point source."

20  15.     CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter

21  alia, dredged spoil, rock, sand, cellar dirt, and garbage.

22  16.     CWA Section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the

23  waters of the United States, including the territorial seas."

24  17.     33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of

25  the United States" to include:  (i) all waters which are currently used, were used in the past, or

26

27

28

UNITED STATES' COMPLAINT                          U.S. Department of Justice
Page 3                                            Environmental Defense Section
                                                  P.O. Box 7611
                                                  Washington, D.C. 20044
                                                  (206) 639-5544

may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.[1]

18.  Federal regulatory jurisdiction over a non-wetland "water of the United States" extends to the ordinary high water mark, defined as a "line on the shore established by fluctuations of water and indicated by physical characteristics" including a "natural line impressed on the bank, shelving, changes in the character of the soil, destruction of terrestrial vegetation, [or] the presence of litter and debris."  33 C.F.R. §§ 328.3(e), 328.4(c).

19.  33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

20.  CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

21.  CWA Section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

22.  CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a).

---

[1] After Defendants committed the violations alleged herein, EPA and the Department of the Army promulgated a new rule, which became effective on August 28, 2015.  The new rule amended 33 C.F.R. § 328.3 and 40 C.F.R. § 232.2 and defines "waters of the United States" to include, *inter alia*: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to waters described in (i) and (ii); and (iv) wetlands or other waters adjacent to the Sixth waters described in (i)-(iii).  Implementation of the new rule has been temporarily stayed by the Sixth Circuit Court of Appeals.  *In re: Environmental Protection Agency and Department of Defense Final Rule; "Clean Water Rule: Definition of Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015)*, 803 F.3d 804, 808 (6th Cir. 2015).

UNITED STATES' COMPLAINT
Page 4

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

23.     In an action brought under CWA Section 309(b), 33 U.S.C. § 1319(b), Section CWA Section 309(d), 33 U.S.C. § 1319(d), authorizes the district court to impose civil penalties against any person who violates CWA Section 301(a).

**GENERAL ALLEGATIONS**

24.     The Site lies along the south bank of the main channel of the Skykomish River and contains an oxbow that is a part of the Skykomish River.

25.     The Skykomish River is a traditional navigable water that is navigable-in-fact, and has been used, is used, or could be used in interstate or foreign commerce.

26.     The bed and banks of the oxbow and wetlands situated therein lie below the ordinary high water mark of the Skykomish River.

27.     The Site also contains wetlands adjacent to the Skykomish River oxbow, which abut and have a continuous surface connection to the River.

28.     A channel on the southeastern part of the Site flows into the oxbow and is a tributary to the Snohomish River.

29.     The bed and banks of the southeastern channel lie below the ordinary high water mark of the Skykomish River.

30.     Wetlands on the Site adjacent to the southeastern channel also lie below the ordinary high water mark of the Skykomish River and abut and have a continuous surface connection to the Skykomish River.

31.     The wetlands on the Site, either alone or in combination with similarly situated lands in the region, contribute to maintaining the chemical, physical, and biological integrity of the Skykomish River.

32.     The wetlands, among other things, provide or provided flood control and/or flood storage, pollutant trapping and/or filtering functions, and nutrient transport.  The wetlands also maintain or maintained the chemical composition of the water, natural discharge patterns, and water quality functions.  All the wetland functions described in this Paragraph contribute or contributed to the aquatic and wildlife habitat of the Skykomish River.

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

33.     The wetlands contribute or contributed water flow and associated chemical and biological materials, including nitrogen and dissolved organic carbon, to the Skykomish River.

34.     The wetlands provide or provided habitat for a diverse array of organisms that are transported downstream to the Skykomish River, and are capable of moving throughout these connected waters.

35.     The Skykomish River, including the oxbow, and the wetlands described above are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder that were in effect at the time of Defendants' activities

36.     From 2008 through 2013, Defendants cleared, filled, and graded approximately 2.4 acres of the north oxbow area.

37.     In or around August 2010, Defendants filled another 0.138 acres by excavating the southeastern channel and sidecasting dredged material into adjacent wetlands.

38.     In addition to discharging fill material at that time, Defendants discharged trash and waste material in approximately 0.043 acres of wetlands and graded, recontoured, and excavated approximately 1,052 linear feet of stream and stream bank located near the center of the oxbow.

39.     Defendants placed additional fill material on the Site between March 2011 and June 2012, including 0.19 acres of fill placed in the southeastern channel and adjacent wetlands for purposes of building a road, 0.173 acres of fill placed in the eastern oxbow, and 969 linear feet of dredge or fill material placed in the bed or on the bank of the eastern oxbow area.

40.     All work was performed by heavy equipment operated by Eric Klock, a member of KFKPB, and employees of Wolford.

41.     Wolford charged other parties to dispose of their fill material at the Site, and provided earth moving equipment and operators to KFKPB.

42.     Wolford delivered 40,599 cubic yards of fill to the Site between 2008 and 2011: 15,628 cubic yards in 2008; 18,249 cubic yards in 2009; 6,499 cubic yards in 2010; and 233 cubic yards in 2011.

UNITED STATES' COMPLAINT
Page 6

43.     Eric Klock, acting on behalf of KFKPB, told Wolford drivers where to place the fill material.

44.     Eric Klock, acting on behalf of KFKPB, made the decision to clear and grade the oxbow and wetlands on the Site, and oversaw and substantially controlled the design and construction of the clearing, grading and filling.

## CLAIM FOR RELIEF:

## UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL

45.     The United States repeats and realleges the allegations in Paragraphs 1 through 44.

46.     Through the activities described in paragraphs 25 through 45, Wolford, KFKPB, and/or persons acting on their behalf, at their direction, or with their consent and/or knowledge, discharged, made the decision to discharge, and/or directed the discharge of dredged or fill material into approximately 2.9 acres of wetlands and 2,021 linear feet of streams on the Site.

47.     The dredged or fill material included, among other things, dirt, spoil, rock, sand, and trash, all of which constitute "pollutants" as defined in CWA Section 502(6), 33 U.S.C. § 1362(6).

48.     The mechanized land-clearing and earth-moving equipment that Wolford, KFKPB, and/or persons acting on their behalf, at their direction, or with their consent and/or knowledge, used, made the decision to use, and/or directed to be used to discharge the dredged or fill material at the Site constitute "point sources" as defined in CWA Section 502(14), 33 U.S.C. § 1362(14).

49.     Neither Wolford nor KFKPB obtained a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged or fill material at the Site, in violation of CWA Sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

50.     The discharges of dredged or fill material at the Site violated and continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a).

51.     Each day that the dredged or fill material remains in the streams and wetlands at the Site constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

UNITED STATES' COMPLAINT
Page 7

52.     Under CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Wolford and KFKPB are liable for a civil penalty of up to $32,500 per day for each violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

53.     Unless this Court compels Defendants to restore the streams and wetlands to their pre-fill condition, Defendants are likely to allow dredged or fill material to remain in the streams and wetlands in violation of CWA Section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

I.      Permanently enjoin Defendants from discharging dredged or fill material or other pollutants to any water of the United States except in compliance with a CWA permit;

II.     Order Defendants to undertake measures to completely restore the waters of the United States at the Site to their pre-fill condition at Defendants' own expense and under the direction of EPA and/or the United States Army Corps of Engineers, and to provide mitigation for injuries to such waters;

III.    Order Defendants to pay civil penalties, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), per day for each violation of CWA Section 301(a);

IV.     Award the United States costs and disbursements, including expert witness fees, incurred in this action; and

V.      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Kent E. Hanson*
KENT E. HANSON
Environmental Defense Section
United States Department of Justice
P.O. Box 7611

UNITED STATES' COMPLAINT
Page 8

1

2
Washington, DC 20044
206-638-5544
Kent.Hanson@usdoj.gov

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' COMPLAINT
Page 9

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government      ❑ 3  Federal Question
     Plaintiff                   *(U.S. Government Not a Party)*

❑ 2  U.S. Government      ❑ 4  Diversity
     Defendant                   *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place <br> of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a <br> Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - |     of Property 21 USC 881 | ❑ 423 Withdrawal | ❑ 376 Qui Tam (31 USC |
| ❑ 130 Miller Act | ❑ 315 Airplane Product |     Product Liability | ❑ 690 Other |     28 USC 157 |     3729(a)) |
| ❑ 140 Negotiable Instrument |     Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' |     Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted |     Liability | ❑ 368 Asbestos Personal | | ❑ 835 Patent - Abbreviated | ❑ 460 Deportation |
|     Student Loans | ❑ 340 Marine |     Injury Product | |     New Drug Application | ❑ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ❑ 345 Marine Product |     Liability | | ❑ 840 Trademark |     Corrupt Organizations |
| ❑ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
|     of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending |     Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ |
| ❑ 190 Other Contract |     Product Liability | ❑ 380 Other Personal | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) |     Exchange |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal |     Property Damage |     Relations | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise |     Injury | ❑ 385 Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| | ❑ 362 Personal Injury - |     Product Liability | ❑ 751 Family and Medical | | ❑ 893 Environmental Matters |
| |     Medical Malpractice | |     Leave Act | | ❑ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement | ❑ 870 Taxes (U.S. Plaintiff | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee |     Income Security Act |     or Defendant) | ❑ 899 Administrative Procedure |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party |     Act/Review or Appeal of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ |     Sentence | |     26 USC 7609 |     Agency Decision |
| ❑ 245 Tort Product Liability |     Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| |     Other | ❑ 550 Civil Rights |     Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1  Original    ❑ 2  Removed from    ❑ 3  Remanded from    ❑ 4  Reinstated or    ❑ 5  Transferred from    ❑ 6  Multidistrict    ❑ 8  Multidistrict
     Proceeding         State Court         Appellate Court         Reopened         Another District         Litigation -         Litigation -
                                                          *(specify)*         Transfer            Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**     DEMAND $ _____     CHECK YES only if demanded in complaint:
    UNDER RULE 23, F.R.Cv.P.                                      JURY DEMAND:    ❑ Yes    ❑No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*          JUDGE _____          DOCKET NUMBER _____

DATE _____          SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>) | |
| *Plaintiff(s)* | |
| v.<br>) | Civil Action No. |
| )<br>)<br>)<br>)<br>) | |
| *Defendant(s)* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: