UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BOBBY WOLFORD TRUCKING & SALVAGE, INC., et al.,

        Defendants.

C18-747 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to exclude the expert testimony of Mark Buckley, Ph.D. brought by defendant Bobby Wolford Trucking & Salvage, Inc. ("BWT"), pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), docket no. 30, is DENIED. Defendant's motion does not challenge the credentials of Dr. Buckley; rather, it challenges solely the methodology used by Dr. Buckley. *See* Motion at 7 (docket no. 30). Dr. Buckley has analyzed two of the statutory factors relevant to the determination of a civil penalty under the Clean Water Act ("CWA"). *See* 33 U.S.C. § 1319(d). Defendant contends that the CWA "requires" an expert to examine all six factors and, as a result, Dr. Buckley's expert report "fails to comport with the law." Motion at 10. Defendant's contention is without merit. In support of the United States' claim for a civil penalty, Dr. Buckley has analyzed the two factors that involve questions of economics, to wit: the economic benefit, if any, BWT obtained (factor 2) and the economic impact of a penalty on BWT (factor 5). Dr. Buckley analyzed these two economic factors using a reliable method consistently applied. If BWT disagrees with the analysis, vigorous cross-

MINUTE ORDER - 1

examination and presentation of contrary evidence is available to BWT to challenge Dr. Buckley's conclusions.[1]  See  Daubert, 509 U.S. at 596.[2]

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of November, 2019.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

---

[1] BWT's suggestion that Dr. Buckley was also required to consider the EPA's Policy on Civil Penalties is without merit.  That document is only a guide in connection with settlement under the CWA and the Government is not bound by it.  United States v. City of Evansville, Ind., 2011 WL 2470670 at *6 (S.D. Ind. June 20, 2011).

[2] The Court has also considered the Government's challenge to the late disclosure of Dr. Dunford's expert report dated June 21, 2019, and concludes that the report, Ex. C to Hansen Decl. (docket no. 38), will be considered by the Court but it does not support BWT's motion to exclude Dr. Buckley's testimony.